Ernest BUCK, Sr., Plaintiff,

v.

UNION TRUSTEES OF the PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND OF the PLUMBERS AND PIPEFITTERS INTERNATIONAL, Defendants.

No. CIV-2-75-148.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 17, 1975.

On Motion to Dismiss Jan. 7, 1976.

---

3. Incomplete jurisdictional statements can be made complete at the time of a pretrial conference.

Jerry S. Jones, Johnson City, Tenn., for plaintiff.

Bernard H. Cantor, Johnson City, Tenn., Donald J. Capuano, and William R. Hayden, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

█ The plaintiff moved for a stay of the proceedings herein until the Court determines " * * * whether the [d]efendants' [p]etition for [r]emoval shall be sustained by this Court. * * * " There is obviously no merit to such motion.

This is an action by an alleged participant in a retirement pension plan to recover benefits. 29 U.S.C. § 1132(a)(1)(B). This Court, concurrently with state courts of competent jurisdiction, has original jurisdiction of such actions. 29 U.S.C. § 1132(e)(1). While the plaintiff had a right to choose initially the state court as the forum of his action, the defendants had a subsequent equal right to resort to an appropriate federal court by compliance with the removal statute, 28 U.S.C. § 1441(b),* transferring indirectly original jurisdiction from the state to the federal court. *Bushnell v. Kennedy* (1870), 76 U.S. (9 Wall.) 387, 19 L.Ed. 736, 738. It was unnecessary for the Court to decide whether to " * * * sustain * * * " the removal. Subject to the possibility of a remand, this action was " * * removed automatically * * * " when a copy of the petition for removal was filed on November 14, 1975 with the clerk and

---

* "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * * " 28 U.S.C. § 1441(b).

master of the Chancery Court for Washington County, Tennessee at Johnson City. See *State of Arkansas v. Howard,* D.C.Ark. (1963), 218 F.Supp. 626[2].

The plaintiff hereby is ALLOWED 10 additional days herefrom to respond to the defendants' motion for a dismissal on the ground of insufficiency of the service of process herein.

## ON MOTION TO DISMISS

The defendants moved for a dismissal hereof on the ground of insufficiency of the service of process. Rule 12(b)(5), Federal Rules of Civil Procedure. They claim that the recipients of the process served herein are not actually agents of the defendants. *Cf. Thomas v. Furness (Pacific) Limited,* C.A. 9th (1948), 171 F.2d 434, 435[2], certiorari denied (1949), 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759.

■ The Court has discretion to retain this case and quash the service of process purportedly made upon the defendants. See *Picking v. Pennsylvania R. Co.,* C.C. A.3d (1945), 151 F.2d 240, 252[25]. It appears to the Court that the plaintiff can properly serve the defendants and treats their motion as one to quash the service of process rather than to dismiss this action. *Cf. Krulikowsky v. Metropolitan Dist. Council of Phila. & Vic.,* D.C.Pa. (1962) 30 F.R.D. 24, 25–26[2]. " * * * [I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later. * * *" *Stern v. Beer,* C.A. 6th (1952), 200 F.2d 794, 795.

■ This is an action by an alleged participant in a retirement pension plan to recover guaranteed benefits. 29 U.S.C. § 1132(a)(1)(B). This Court, concurrently with state courts of competent jurisdiction, has original jurisdiction of such actions. 29 U.S.C. § 1132(e)(1). The action was properly removed to this Court. See memorandum opinion and order herein of December 17, 1975.

■ The plaintiff alleged that the Plumbers and Pipefitters National Pension Fund has its situs in Maryland, has as its purpose the trust guaranty of retirement income to eligible members, and that he became such an eligible member thereof on April 10, 1973. By affidavit the plaintiff claims that in thus joining he became a beneficiary of a contract between such Fund and the local trade union of which he was a member. As it is not alleged anywhere in the pleadings by any party that such Fund is a corporation, it may be safely assumed that same is an unincorporated association or organization.

The defendant benefit plan may be sued as an entity. 29 U.S.C. § 1132(d)(1). The plaintiff asserts by affidavit that the Fund has not appointed an agent in this state upon whom process may be served. " * * Whenever a statute * * * of the state in which the district court is held provides (1) for service of a summons * * * upon a party not an inhabitant of or found within the state * * *, service may * * * be made under the circumstances and in the manner prescribed in the statute * * *". Rule 4(e), Federal Rules of Civil Procedure. Where an unincorporated association or organization, including nonresident trusts, doing or desiring to do business in Tennessee by the performance of any of the acts for which it was formed and fails to appoint a process agent pursuant to T.C.A. § 20–223, " * * * all process may be served upon the secretary of state of Tennessee. * * * Service upon * * the secretary of state, if no process agent is appointed, shall be legal and binding on said association or organization * * *". *Idem.*

The purported service of process on the defendants through officials of a local labor union under the circumstances demonstrated was insufficient. *International Bro. of Teamsters, Etc. v. United States,* C.A. 4th (1960), 275 F.2d 610, 614–615, n. 5, certiorari denied (1960), 362 U.S. 975, 80 S.Ct. 1060, 4 L.Ed.2d 1011. The motion of the defendants accordingly hereby is granted and the purported first service of process herein hereby is QUASHED.

In its discretion, Rule 4(h), Federal Rules of Civil Procedure, the Court hereby DENIES the plaintiff's motion to amend its process. However, such action is without prejudice to the plaintiff's amending his complaint so as to sue the Plumbers and Pipefitters National Pension Fund as an entity as the party defendant herein and to request service upon such substituted defendant in the manner prescribed by T.C.A. § 20–223.