**Melvin WHITFIELD, Appellant,**

v.

**FEDERAL CROP INSURANCE CORP., Appellee.**

No. 76–2274.

United States Court of Appeals, Fourth Circuit.

Submitted March 31, 1977.

Decided June 30, 1977.

P. C. Barwick, Jr., Wallace, Langley, Barwick, Llewellyn & Landis, Kinston, N. C., on brief, for appellant.

Carl L. Tilghman, U. S. Atty., and Herman E. Gaskins, Jr., Asst. U. S. Atty., Raleigh, N. C., on brief, for appellee.

Before CLARK, Associate Justice [*], HAYNSWORTH, Chief Judge, and RUSSELL, Circuit Judge.

[*] Tom C. Clark, Associate Justice of the United States Supreme Court (Ret.), sitting by designation.

**414**

PER CURIAM:

The plaintiff, Melvin Whitfield, appeals the district court's denial of his motion to remand this case to the state court. Whitfield filed this action in a North Carolina state court seeking indemnity for crop losses from the defendant under an insurance policy issued by the defendant. The defendant removed this case to the United States District Court. The plaintiff then moved to remand and the district court denied his motion.

The removal statute, Section 1441 of Title 28 is as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States of the district and division embracing the place where such action is pending.

The plaintiff says that 7 U.S.C.A. § 1508(c) gives him the right to bring his suit in either a federal or state court and keep it there. He argues that removal here defeats his choice of forum and that the "otherwise expressly provided" language of 28 U.S.C.A. § 1441(a) applies here.

■ The plaintiff's argument requires a strained interpretation of 7 U.S.C.A. § 1508(c). The pertinent part of that section is as follows:

In the event that any claim for indemnity under the provisions of this chapter is denied by the Corporation, an action on such claim may be brought against the Corporation in the United States district court, or in any court of record of the State having general jurisdiction, sitting in the district or county in which the insured farm is located, and jurisdiction is conferred upon such district courts to determine such controversies without regard to the amount of controversy.

It establishes that the state and federal courts have concurrent jurisdiction over suits involving claims for indemnity against the Federal Crop Insurance Corporation. Nothing in the statute gives a plaintiff the right to bring his suit in a state court and keep it there. In limited circumstances, a defendant may be given the final choice as between courts of concurrent jurisdiction. Although there may be policy arguments in favor of giving plaintiffs under 1508(c) a choice of forum which cannot be disturbed, those arguments must be addressed to Congress and not to the courts.

■ We hold that 7 U.S.C.A. § 1508(c) does not expressly provide that actions brought in state courts pursuant to it may not be removed to federal courts and that the action here was properly removed under 28 U.S.C.A. § 1441(a).

*AFFIRMED.*