In the Matter of the MARRIAGE OF Margaret Ann THOMPSON, Petitioner, and Paul Edward Thompson, Respondent.

Margaret Ann THOMPSON, Third-Party Plaintiff,

v.

EASTERN AIR LINES, INCORPORATED, the Prudential Insurance Company of America and Monex International, Ltd., Third-Party Defendants.

No. SA–78–CA–128.

United States District Court, W. D. Texas, San Antonio Division.

May 11, 1978.

James A. Rindfuss, San Antonio, Tex., for third-party plaintiff.

Bruce Robertson, San Antonio, Tex., for Paul Edward Thompson.

Edward R. Finck, Jr., San Antonio, Tex., for Eastern and Prudential.

Attorney for Monex not known.

## ORDER REMANDING CASE TO STATE COURT

SUTTLE, District Judge.

Margaret Thompson filed a petition for divorce from her husband, Paul, in state court for the 73rd Judicial District, Bexar County, Texas. Ms. Thompson joined Eastern Air Lines and the Prudential Life Insurance Company of America as third-party Defendants, alleging that both companies held community property in the form of pensions for Paul Thompson that belonged to both parties.[1] The petition sought to have these third-party Defendants "cited to appear and answer herein, setting forth in detail the monthly obligation [paid] to Paul Edward Thompson and the duration of said obligation."

■ The lawsuit arrived in this court via a petition for removal filed by Eastern and Prudential. They cite 28 U.S.C. § 1441(c) as the basis for removal jurisdiction, claiming that their dispute with Ms. Thompson is a separate and independent federal question; all parties are agreed that the divorce action itself should be remanded to state court.[2] Eastern and Prudential posit their § 1441(c) claim as follows: Ms. Thompson is a "beneficiary" under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.; ERISA gives this court jurisdiction to hear her claim against Eastern and Prudential, 29 U.S.C. § 1132(a)(1)(B); and that claim is separate and independent from the divorce action. An additional step has been taken by these third-party Defendants: they have joined as Plaintiffs and filed a complaint in a new action, SA–78–CA–134, joining both Margaret and Paul Thompson, along with the Secretaries of Labor and the Treasury as Defendants; this latter action is for a declaratory judgment as to liabilities under ERISA and an injunction preventing the Thompsons and various state courts from adjudicating any respective rights and liabilities under the plans.

ERISA provides that a civil action may be brought by a beneficiary "to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This is presumably what Ms. Thompson had in mind when she joined Eastern and Prudential as third-party Defendants to her divorce action.[3] Jurisdiction over these

1. Ms. Thompson also joined Monex International, Ltd., as a third-party Defendant, asserting the same cause against it as against Eastern and Prudential. Monex, however, did not join the motion to remove and has not, as yet, filed anything with this court regarding the motion to remand.

2. Ms. Thompson first moved that the entire case be remanded to state court. She has since filed an amended motion in which she agrees that the pension claim should remain in this

court under § 1441(c). That, of course, does not settle the question; this court has an obligation to notice jurisdictional defects on its own, regardless of whatever forum the parties prefer. See e. g., Burleson v. Coastal Recreation, Inc., 572 F.2d 509 (5th Cir. 1978).

3. The court uses the word "presumably" since the pleadings do not make clear exactly what Ms. Thompson asserts as a cause of action. If, as her brief in support of her motion to remand suggests, all she is seeking from these third-

claims is vested in both federal and state court by § 1132(e)(1):

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this sub-chapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of ac-tions under subsection (a)(1)(B) of this section.

Thus, Ms. Thompson's action against East-ern and Prudential would be removable un-der § 1441(b) were it brought by itself in state court. *Leonardis v. Local 282 Pension Trust Fund*, 391 F.Supp. 554 (E.D.N.Y. 1975); *Buck v. Union Trustees of the Plumbers and Pipefitters National Pension Fund*, 70 F.R.D. 530 (E.D.Tenn.1975). But that is not the situation in this case: the action against the third-party Defendants has arisen as a collateral matter to the divorce proceedings and comes to this court, on first blush, intimately bound with it.

■ The question becomes, then, whether the third-party action is removable under § 1441(c). That section provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-remova-ble claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdic-tion.

The test for evaluating whether an action fits within the scope of § 1441(c) is found in an oft-quoted passage of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951):

> . . . where there is a single wrong to [a] plaintiff, for which relief is sought, arising from an interlocked series of

transactions, there is no separate and in-dependent claim or cause of action under § 1441(c). 341 U.S. at 14, 71 S.Ct. at 540.

The "wrong" in this case is Ms. Thompson's suit for divorce. It would seem that any and all issues relating to the termination of the marriage would be directly related to that suit: a series of interlocked transac-tions if ever there was one. The fact that one of those transactions involves a claim that can be brought in *either* state or feder-al court does not, of itself, make it an issue that is easily severed from the subject mat-ter of the suit at hand. Ms. Thompson is entitled to an accounting of all the property accumulated in the marriage; the state dis-trict judge is given broad power to divide it. *See* V.T.C.A., Family Code § 3.63 (1975). Mr. Thompson's pension benefits fall within these bounds and thus constitute one por-tion of the divisible estate—i. e., one of an interlocked series of transactions that is not a separate and independent claim within the meaning of § 1441(c).

■ Eastern and Prudential would have this court retain jurisdiction over the § 1132 claim, however, on the grounds that the state district judge is prepared to grant Ms. Thompson a judgment against *them* in the divorce action. They rely on Ms. Thomp-son's state court complaint seeking to have the judge "partition [the pension] by awarding Petitioner all, or a substantial portion of said property." This is not the most artfully drafted request and lends it-self to two possible constructions: either Ms. Thompson wants the judge to partition the property and order Mr. Thompson to make the payments, or else she wants the judge to ignore ERISA and violate federal law by issuing a judgment ordering the third-party Defendants to make payments directly to her. Regardless of Ms. Thomp-son's intent, however, this court is not pre-pared to assume that a state judge cannot follow the law without a federal court look-ing over his shoulder. The state judge can,

---

party Defendants is a statement of their obliga-tion to Mr. Thompson, then the court wonders why she joined them as parties in the first place. Surely this information could have been

obtained through simple discovery procedures in the divorce action, thereby saving all con-cerned a great deal of time and effort.

and must, determine what the assets of the estate are and then make a division of property. As noted, and as the third-party Defendants concede, the state judge can, and indeed may very well, order *Mr. Thompson* to pay Ms. Thompson a portion of the pension funds *he* receives from Eastern and Prudential; however, the state judge cannot order *Eastern and Prudential* to pay the money *directly* to Ms. Thompson. But this court believes that its state counterpart is capable of reading and understanding a federal statute—there is no magic involved. This court also is unwilling to assume that the state judge will not follow the law.[4] Moreover, even if this action were not remanded, Ms. Thompson still would be entitled to an accounting. Under such circumstances she would be forced to get it from her husband, but Congress has provided her with a method by which she can get it from the third-party Defendants directly. She has chosen the latter course; perhaps not wisely, but, nevertheless, it was her choice to make. For these reasons, the court is also unwilling at this time to issue any stays in the state proceeding, even assuming it had the power to do so.[5] *See* 28 U.S.C. § 2283.

The court, having found that this action is not properly removed under 28 U.S.C. § 1441, hereby remands this suit to state District Court for the 73rd Judicial District, Bexar County, Texas, pursuant to 28 U.S.C. § 1447(c). A certified copy of this order shall be mailed by the clerk of this court to the clerk of the state court, which may, upon receipt, proceed with the case. Costs of the removal proceedings shall be borne by third-party Defendants, Eastern Air Lines and the Prudential Life Insurance Company of America.

SO ORDERED this 11th day of May, 1978.

---

4. If it becomes apparent that the state judge is not able to correctly apply the law, this court would not be reluctant to act. But such a conclusion is highly speculative and premature at this point. Furthermore, if a judgment were entered against Eastern and Prudential, they would not be bound to honor it and any suit to enforce such a judgment would ultimately be removed to federal court for determination. This is not meant to suggest that this court would permit such a situation to occur; it is meant to suggest that, contrary to the picture drawn by counsel, Eastern and Prudential have not been deposited in shark-infested waters without a life raft.

5. Two points should be emphasized: first, this court does not have exclusive jurisdiction over the § 1132(a)(1)(B) claim, but rather shares it with the state court; and, second, all the parties in this suit remain before this court by virtue of the parallel action, SA–78–CA–134. Because of this latter fact, the court is in the position to take any action vis-a-vis the state courts that might be necessary to protect its area of exclusive jurisdiction under ERISA.