**Alan LEDERMAN and Harriett Lederman, Plaintiffs,**

v.

**PACIFIC MUTUAL LIFE INSURANCE COMPANY, Charles Hone, Defendants.**

**Civ. No. 80–843–WPG.**

United States District Court, C. D. California.

Aug. 12, 1980.

---

John C. McCarthy, Claremont, Cal., for plaintiffs.

Adams, Duque & Hazeltine, James L. Nolan, Douglas L. Hallett, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

WILLIAM P. GRAY, District Judge.

This action was filed in the California Superior Court and removed here by the defendant citing the authority of 28 U.S.C. § 1331(a) and § 1441(a). The plaintiff moves for remand to the state court. For reasons herein set forth, such motion will be granted.

The plaintiff is a "participant" under a group major medical plan (the plan) established by Mr. Lederman's employer in conjunction with other members of the California Society of Certified Public Accountants. It has been stipulated that the plan is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1). The plan is administered by a trustee, who contracted with defendant Pacific Mutual Life Insurance Co. to issue a group insurance policy to implement the medical benefits that are provided for under the plan.

According to the complaint in this action, the plaintiff wife has been suffering from multiple sclerosis, and the defendant insurance company has refused to pay certain medical expenses that are due under the policy. The plaintiffs seek reimbursement for these expenses and punitive damages for the alleged bad faith refusal to make such payments.

ERISA provides that "a civil action may be brought—by a participant . . . (B) to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). The defendant contends that these statutory provisions cover the present action.

■ It is well established that ERISA was intended by Congress to preempt the entire field of employee benefit plan regulation. *Hewlett-Packard Company v. Barnes*, 571 F.2d 502 (9th Cir. 1978). Thus, if the present action pertains to matters covered by ERISA, the causes of action asserted in the complaint, all of which are based upon state law, will not lie.

However, this court is unable to accept the contention that ERISA controls here. The plaintiffs make no complaint about the fairness or the funding or the administration of the *plan*, nor are they suing the employer that established the plan or the trustee that administers it. The plaintiffs' only dispute is with the defendant insurance company because of its alleged refusal to pay certain nursing expenses that the plaintiffs contend are covered by the policy. In this instance, the sum demanded is in excess of $18,000.00. However, if ERISA is applicable, this court would have jurisdiction " . . . without respect to the amount in controversy . . . ." 29 U.S.C. § 1132(f). Thus an attempt by a similarly dissatisfied insured to challenge the insurance company in a small claims court for a much smaller sum, could be removed here.

■ I cannot believe that Congress intended that every claim against the insurance company under an employer's group health insurance plan should be a potential item of litigation in federal court. The policy declaration in the first section of ERISA (29 U.S.C. § 1001) shows that Congress was concerned about the fairness and the financial soundness and stability of the employee benefit plans that had been increasing so rapidly in size, scope and numbers. Congress thereupon determined to establish " . . . standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans . . . " and to impose minimum obligations with respect to funding.

Insurance companies operating in California are subject to substantial regulation under the laws of that state, and I can find in ERISA no basis for the conclusion that Congress found it necessary or appropriate to interfere in such regulation simply because the policy concerned was issued to implement an employee welfare benefit plan.

■ In *Cate v. Blue Cross & Blue Shield of Alabama*, 434 F.Supp. 1187 (E.D.Tenn. 1977), Judge Young was confronted with the precise issue that is presented here. He noted that an insurance policy that is issued pursuant to a plan is not the plan itself, and that " . . . the states have not failed in their traditional role of enforcing rights created under an insurance contract." He then ended the opinion with the following statement:

"The Court is convinced that the literal construction of § 1132 defendant proposes is not consistent with Congress' intent and the role of federal courts as courts of limited jurisdiction, where the defendant is an insurer whose only relation to an employee benefit plan is its contract to guarantee insurance benefits to participants in the plan. Recognizing the wisdom displayed by the Congress in the enactment of legislation, this Court cannot assume, without specific direction, that it intended the federal courts to become the battleground for all dissatisfied claimants. It has generally been the policy of federal courts to disclaim jurisdiction where its existence is really doubtful. *The Emma Giles*, 15 F.Supp. 502 (D.Md. 1936). This is an appropriate case to invoke that policy." (434 F.Supp. at 1190–91).

This court agrees and holds that the present litigation is not within the jurisdiction of this court.

Even if it were to be assumed, contrary to the foregoing that, in light of 29 U.S.C. § 1132(a), ERISA is intended to cover a claim such as the one here concerned, I believe that there is an alternative reason why this case must be remanded to the state court. The removal here was made in reliance upon the authority of 28 U.S.C. § 1441(a). That section provides:

"Except as otherwise expressly provided by Act of Congress, any civil action

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States."

The controlling section of ERISA with respect to court jurisdiction is 29 U.S.C. § 1132(e)(1):

"Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

As is discussed earlier in this memorandum, it is the defendant's contention that this action is under subsection (a)(1)(B) which provides that a participant may sue ". . . to recover benefits due to him under the terms of his plan . . . ."

Thus, Congress has specifically provided that such a plaintiff has the choice of bringing his action in the United States district court or in the state court. It seems to me that these provisions are intended to honor the age old principle that the plaintiff is entitled to his choice of a forum and that Congress did not intend for a defendant, in his own discretion, to be able to nullify that choice by removing here any case that the plaintiff elects to file in the state court. This analysis prompts this court to conclude that by giving to the plaintiff the choice contained in 29 U.S.C. § 1132(e), Congress has "expressly provided" for the exception against removal referred to in 28 U.S.C. § 1441(a).

It follows from all of the foregoing that this case was improperly removed to this court and that it must therefore be remanded to the California Superior Court. An order directing such remand will be filed accordingly.