William A. McCONNELL, Plaintiff,

v.

MARINE ENGINEERS BENEFICIAL ASSOCIATION BENEFIT PLANS, DISTRICT 1—PACIFIC COAST DISTRICT, and Does I–XX, Defendants.

No. C–81–3073 SW.

United States District Court, N. D. California.

Sept. 9, 1981.

As Amended Sept. 18, 1981.

Law Offices Of Michael James Moriarty, Michael James Moriarty, San Francisco, Cal., for plaintiff, William A. McConnell.

Lillick McHose & Charles, Dennis Daniels, David C. Culver, San Francisco, Cal., for defendant MEBA Medical and Benefits Plan.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

SPENCER WILLIAMS, District Judge.

## INTRODUCTION

Plaintiff William A. McConnell brought an action in the San Francisco Superior Court against defendants Marine Engineers Beneficial Association Benefit Plans ("MEBA Plan") and Does I–XX to recover benefits allegedly due under the terms of an employee benefit plan. Defendant MEBA Plan removed the action to this court on July 22, 1981 on the basis that the suit was within the original jurisdiction of the United States District Court.

The plaintiff presently seeks to have this action remanded to the state court arguing that removal was improvident. The single issue presented is whether statutory provisions in an act of Congress providing for concurrent state-federal jurisdiction constitutes an express exception to the right of removal as required by 28 U.S.C. § 1441. After careful consideration of the arguments of counsel, the pleadings and other evidence in the record, this court concludes that this question must be answered in the negative, and therefore denies plaintiff's motion. The following is a statement of the court's reasons for so ruling and its written order thereon.

## LEGAL STANDARDS

In this action the plaintiff alleges that he is a participant in an employee benefit plan that falls within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Jurisdiction in ERISA suits is governed by 29 U.S.C. § 1132(e)(1) which provides:

"Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter .... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

The parties here do not appear to dispute that this action arises under 29 U.S.C. § 1132(a)(1)(B) which states that a participant may sue " . . . to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." Therefore, both the state court and the district court for the Northern District of California have original jurisdiction to hear this suit.

Defendant MEBA Plan removed this action to this court pursuant to 28 U.S.C. 1441(a) which allows removal of actions in the original jurisdiction of the United States District Court "[e]xcept as otherwise expressly provided by Act of Congress, . . ."[1] Plaintiff now contends that such removal was improvident[2] because he argues that the right of removal is defeated by a grant of concurrent jurisdiction.

## DISCUSSION

Section 1441(a) provides for removal jurisdiction in any case of which the federal district court has original jurisdiction except as otherwise *expressly* provided by an

---

1. 28 U.S.C. § 1441(a) states in its entirety: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. Motions seeking remand of removed actions are governed by 28 U.S.C. § 1447(c) which provides:

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, . . ."

Act of Congress.[3] The clear mandate of this statute is that only an express statutory provision may preclude removal. The provisions in ERISA governing this action not only fall far short of an express retraction of removal jurisdiction, they also plainly state that these actions are within the original jurisdiction of the federal courts.

Plaintiff rests his motion to remand on the argument that the congressional grant of concurrent jurisdiction over these actions represents an "express" provision prohibiting removal of actions originally filed in state court. On the contrary, the grant of concurrent jurisdiction is certainly not an express provision against removal and to read it as such would represent an artificial and strained interpretation of congressional intent.

Congress has, on several occasions, prohibited removal jurisdiction in express statutory language as is required by section 1441(a). For example, when Congress specifically provided in 45 U.S.C. § 56 for concurrent jurisdiction of actions under the Federal Employer's Liability Act ("FELA"), it also expressly prohibited the removal of such cases in 28 U.S.C. § 1445(a). Similarly, the Securities Act of 1933, 15 U.S.C. § 77v contains language that expressly denies the right to remove a case filed first in a state court. Therefore, Congress has recognized that prohibition of removal requires express statutory language, and has acted accordingly when it intended to limit the original jurisdiction of the district courts.

The legislative history of ERISA and its grant of concurrent jurisdiction to certain cases reveals that Congress neither expressly nor impliedly intended to defeat a defendant's right to remove a case otherwise in the original jurisdiction of the district court. In its Joint Explanatory Statement to the passage of ERISA, the House and Senate conference committee stated:

> "All such actions [under ERISA] in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947."
>
> House Conference Report No. 93–1280, 93d Cong., 2d Sess., reprinted in [1974] U.S.Code Cong. & Ad.News 4639, 5038, 5107.

At the time of ERISA's passage suits brought under section 301 of the Labor-Management Relations Act were removable if the requirements of section 1441 were also satisfied.[4] To interpret the right of removal in ERISA actions more restrictively than in a comparable LMRA case would contradict the legislative history outlined above and pose conflicting standards in cases removable upon either basis of federal jurisdiction.[5]

The precise issue before this court as to the removability of ERISA actions within the concurrent jurisdiction of state and federal courts is one of relative first impression.[6] However, the court does not write on

---

**3.** Importantly, the introductory clause requiring *express* prohibition of removal jurisdiction was inserted as part of the 1948 revision of the Judicial Code. (Former § 71 of 28 U.S.C.) It has been stated that this provision may have been inserted as a response to the holding of certain federal courts that a congressional grant of concurrent jurisdiction was an implied prohibition against removal. *See* 1A Moore's Federal Practice, ¶ 0.159, p. 175, ¶ 0.167[5], p. 382 (1980 ed.).

**4.** *See, e. g., Avco Corp. v. Aero Lodge No. 735, International Association of Machinists & Aerospace Workers,* 390 U.S. 557, 558–62, 88 S.Ct. 1235, 1236–38, 20 L.Ed.2d 126 (1968).

**5.** Actions such as the present one arise under both ERISA and the LMRA and are removable

under either statute. *See Rehmar v. Smith,* 555 F.2d 1362 (9th Cir. 1976).

**6.** The defendant cites several cases for the proposition that ERISA cases are removable. *Stone v. Stone,* 450 F.Supp. 919 (N.D.Cal.1978), *aff'd,* 632 F.2d 740 (9th Cir. 1980), *cert. denied, Seafarers Pension Plan v. Stone,* —— U.S. ——, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981); *Austin v. General American Life Insurance Co.,* 498 F.Supp. 844 (N.D.Ala.1980); *In re Marriage of Thompson,* 450 F.Supp. 197, 199 (W.D.Tex. 1978). In each of these cases, however, the court did not address the issue presented here, i. e. whether the concurrent jurisdiction clause constitutes an express prohibition against removal. Rather, these cases discuss section 1441(c) as it relates to ERISA or cases not

a clean slate as to the more general legal principle. Several courts have considered whether the "concurrent jurisdiction" provisions of other federal statutes bars removal. The weight of authority is against interpreting concurrent jurisdiction clauses to prohibit removal because section 1441 requires an express statement to that effect in the federal statute.[7]

The plaintiff relies entirely on dicta in *Lederman v. Pacific Mutual Life Insurance Co.*, 494 F.Supp. 1020 (C.D.Cal.1980) in which the court concludes that an ERISA action is non-removable. In *Lederman*, the plaintiff filed an action in state court against an insurance company which had contracted to provide health insurance to participants in an employee welfare benefit plan. On plaintiff's motion to remand, the court ruled that it did not have original jurisdiction of the action because suits against insurance companies were not governed by ERISA. *Id.* at 1021–22.

The *Lederman* court went on to state in dicta and without citation to authority or legislative history that Congress had "expressly provided" for an exception against removal in ERISA cases. The court based its conclusion on a non sequitur when it stated:

"It seems to me that these provisions [the concurrent jurisdiction provisions of ERISA] are intended to honor the age old principle that the plaintiff is entitled to his choice of a forum and that Congress did not intend for a defendant, in his own discretion, to be able to nullify that choice by removing here any case that the plaintiff elects to file in the state court." *Id.* at 1023.

The reasoning of this conclusion is unsound. As many cases have held, while the statute does give the plaintiff the initial choice of forum, as under many federal statutes such as civil rights cases, it does not guarantee that his choice shall remain undisturbed.[8] Nothing in the statute gives a plaintiff the right to bring his suit in a state court and keep it there. Rather, the relevant provision in ERISA is entirely devoid of an express prohibition against removal as required by section 1441(a).

The grant of concurrent jurisdiction in ERISA over certain actions clearly gives the plaintiff the initial choice of forum. However, this choice is not absolute but rather is subject to the defendant's right to remove. By enacting the removal statute, Congress has granted defendants a right to have any action coming under the original jurisdiction of the district courts tried in those courts unless the legislature makes an *express* determination that such removal is unwarranted. Such a determination was not made in this case.

This court holds, therefore that ERISA, 29 U.S.C. § 1132(e)(1) does not expressly provide that actions brought in state courts pursuant to it may not be removed to federal courts and that the action here was properly removed under 28 U.S.C. § 1441(a).

otherwise under the district court's original jurisdiction.

**7.** Fair Labor Standards Act, 29 U.S.C. § 216(b): *Barrett v. McDonald's of Oklahoma City*, 419 F.Supp. 792, 794–95 (W.D.Okla.1976); *Anthony v. West Coast Drug Company*, 331 F.Supp. 1279, 1280–81 (W.D.Wash.1971); *Hill v. Moss-American, Inc.*, 309 F.Supp. 1175, 1177–78 (N.D.Miss.1970); 1A Moore's Federal Practice, ¶ 0.167[5] at 381–82 (1980 ed.).

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.: Haun v. Retail Credit Co.*, 420 F.Supp. 859, 862 (W.D.Pa.1976).

Federal Crop Insurance Act, 7 U.S.C. § 1508(c): *Whitfield v. Federal Crop Insurance Corp.*, 557 F.2d 413, 414 (4th Cir. 1977).

Agricultural Adjustment Act, 7 U.S.C. § 1365: *Beckman v. Graves*, 360 F.2d 148, 149 (10th Cir. 1966); *Vann v. Jackson*, 165 F.Supp. 377, 379 (E.D.N.C.1958).

Truth in Lending Act, 15 U.S.C. § 1640(e): *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649, 651 (S.D.N.Y.1978).

Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.: Jacobi v. High Point Label, Inc.* 442 F.Supp. 518, 520–21 (M.D.N.C. 1977).

*See generally*, 14 Wright and Miller and Cooper, Federal Practice and Procedure, § 3729 at pp. 705–13 (1976 ed.).

**8.** *Whitfield v. Federal Crop Insurance Corp.*, 557 F.2d 413, 414 (4th Cir. 1977); *Beckman v. Graves*, 360 F.2d 148, 149 (10th Cir. 1966).

### FICTITIOUS DEFENDANTS

The plaintiff named fictitious defendants as Does I–XX pursuant to California law.[9] The practice of suing fictitious defendants has been disapproved in this circuit and a district court may act on its own motion in dismissing these unnamed defendants.[10] Accordingly, the complaint is dismissed as against the fictitious defendants.

In accord with this opinion, IT IS HEREBY ORDERED that plaintiff's motion to remand be, and hereby is, DENIED.

IT IS FURTHER ORDERED that this action as brought against defendants DOES I–XX is DISMISSED.

9. California Code of Civil Procedure § 474.

10. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967); *Sigurdson v. Del Guericio*, 241 F.2d 480, 482 (9th Cir. 1956).