Constance D. ABEN, Personal Representative of the Estate of Joyce Ann Grant, deceased, Plaintiff,

v.

Janet DALLWIG, City of Rockwood d/b/a Rockwood Housing Commission, Officer Campbell, an Officer of the Rockwood Police Department, and City of Rockwood d/b/a Rockwood Police Department, Jointly and Severally, Defendants.

No. 86–4881.

United States District Court,
E.D. Michigan, S.D.

May 12, 1987.

Frank J. Larocca, Detroit, Mich., for plaintiff.

James I. DeGrazia, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C., Detroit, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This litigation was commenced on or about September 20, 1986, in Wayne County Circuit Court. Plaintiff brings this action as personal representative of the estate of Joyce Ann Grant against Janet Dallwig, City of Rockwood d/b/a Rockwood Housing Commission, Officer Campbell, and City of Rockwood d/b/a Rockwood Police Department. Counts I, II and III of the complaint allege negligence against various defendants. Count IV alleges a claim under 42 U.S.C. § 1983 against Officer Campbell and Rockwood Police Department for a deprivation of Ms. Grant's civil rights. The action was removed to federal court on November 20, 1986, pursuant to 28 U.S.C. §§ 1441(b), 1443. In their remov-

---

al petition, Defendants allege that the Court has original jurisdiction over Plaintiff's section 1983 claim and pendent jurisdiction over Plaintiff's state law negligence claims.

This matter is presently before the Court on Plaintiff's motion to remand. Plaintiff does not rely on the statutory provisions for remand in support of this motion. Instead, Plaintiff apparently urges the Court to exercise its "discretion" to remand this action to state court.[1] In support of her motion, Plaintiff argues that the gravemen of her complaint are negligence claims, all of which arise under state law. Plaintiff further argues that inasmuch as the state court has concurrent jurisdiction to decide section 1983 claims and the substance of her complaint is grounded in state law, this Court should remand the entire action to state court.

Defendants do not directly address the issues raised by Plaintiff's motion in their response. Instead, they apparently assume that although the Court lacks authority to remand Plaintiff's section 1983 claim, it nevertheless may exercise its discretion to remand Plaintiff's state law claims. Accordingly, the thrust of Defendants' argument is that the Court should exercise its discretion to entertain pendent jurisdiction over Plaintiff's state law claims.

None of the authority cited by either party is helpful in resolving the issues raised by Plaintiff's motion to remand. Virtually all of the cases cited by Plaintiff support the proposition that the state court has concurrent jurisdiction over Plaintiff's section 1983 claim. Plaintiff, however, has failed to cite any authority for the proposition that the Court has discretion to remand an otherwise removable claim merely because the state court enjoys concurrent jurisdiction over the claim. Similarly, virtually all of the cases cited by Defendants support the proposition that the Court should not automatically exercise its discretion to dismiss pendent state law claims. Defendants fail to acknowledge that Plaintiff does not seek dismissal of the state claims and further fail to cite any authority for the proposition that this Court has discretion to remand Plaintiff's state law claims under the facts of this case.[2]

■ Plaintiff has failed to demonstrate that this Court has authority to remand this action. Generally, the burden is on the defendant to establish that removal was proper where the plaintiff moves to remand the action to state court. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Thornton v. Allstate Insurance Co.*, 492 F.Supp. 645 (E.D.Mich.1980). In the present case, however, Plaintiff does not contend that removal was improper. Instead, she seeks an order of remand because she believes that her claims should be resolved by the state court which has concurrent jurisdiction over her federal claim. Accordingly, the Court considers it appropriate to require Plaintiff to come forth with some authority for the relief she requests. Plaintiff has failed to produce any such authority.

■ The Court's own research indicates that the Court lacks discretionary power to remand this action. A few courts have concluded that removal based upon

---

1. Plaintiff also argues that Defendants' reliance on 28 U.S.C. § 1443 as a basis for removal was improper. Even assuming that Plaintiff is correct, remand would not be warranted because Defendants also rely on 28 U.S.C. § 1441 as providing a statutory basis for removal.

2. Defendants rely on two district court decisions interpreting 28 U.S.C. § 1441(c). *See VanDorn v. Huffman,* 221 F.Supp. 285 (E.D.Ill.1963); *Morschauser v. American News Co.,* 158 F.Supp. 517 (S.D.N.Y.1958). Those cases are inapposite. Section 1441(c) provides:

   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In *In Re Romulus Community Schools,* 729 F.2d 431 (1984), the Sixth Circuit held that pendent state claims are not "separate and independent" claims for purposes of section 1441(c): "Where a plaintiff seeks to recover for a single wrong or injury under various legal theories, the plaintiff is not asserting separate and independent claims under § 1441(c)." *Id.* at 434.

federal question jurisdiction is improper in cases where state courts have concurrent original jurisdiction over the federal claim. *See, e.g., Salveson v. Western States Bankcard,* 525 F.Supp. 566, 573 (N.D.Ca. 1981) (dicta); *Jones Store Co., Inc. v. Hammons,* 424 F.Supp. 494, 497 (W.D.Mo.1977); *Young v. Board of Education,* 416 F.Supp. 1139, 1141 (D.Colo.1976); *accord Johnson v. Butler Brothers,* 162 F.2d 87 (8th Cir. 1947). The majority of courts which have addressed the issue, however, have concluded that the existence of concurrent jurisdiction, standing alone, is insufficient to defeat the right to removal granted defendants under 28 U.S.C. § 1441. *See, e.g., Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458 (5th Cir.1982); *Whitfield v. Federal Crop Insurance Corp.,* 557 F.2d 413 (4th Cir.1977); *Beckman v. Graves,* 360 F.2d 148 (10th Cir.1966); *Mercy Hospital Ass'n v. Miccio,* 604 F.Supp. 1177 (E.D.N.Y.1985); *Routh v. City of Parkville,* 580 F.Supp. 876 (W.D.Mo.1984); *McConnell v. Marine Engineers Beneficial Ass'n,* 526 F.Supp. 770 (N.D.Ca.1981); *Barrett v. McDonald's,* 419 F.Supp. 792 (W.D.Okla.1976); *Sheeder v. Eastern Express,* 375 F.Supp. 655 (W.D. Pa.1974); *Hill v. Moss-American, Inc.,* 309 F.Supp. 1175 (N.D.Miss.1970). The Court is persuaded that it should follow the majority rule. As the courts recognized in those cases, section 1441(a) provides for removal of any case over which the federal courts have original jurisdiction "[e]xcept as otherwise *expressly* provided by Act of Congress." 28 U.S.C. § 1441(a) (emphasis added). Nothing in the civil rights statute expressly prohibits removal. *See* 28 U.S.C. § 1343; 42 U.S.C. § 1983. Similarly, nothing in the removal statute suggests that the court should imply a prohibition against removal from the grant of concurrent jurisdiction. *See* 28 U.S.C. § 1441. Thus, unless the Court ignores the plain language of the statutes, it cannot grant Plaintiff's motion to remand this case based upon the state court's concurrent jurisdiction.[3]

For the reasons set forth above, Plaintiff's motion to remand will be DENIED.

**3.** The Court also doubts its authority to remand Plaintiff's pendent state claims as long as the section 1983 claim is properly before this Court.

Defendants shall submit an appropriate order.

*See In Re Romulus Community Schools,* 729 F.2d at 437–38.