**Willard L. DAVIS and Mavis Davis, Plaintiffs,**

v.

**JOHN ALDEN LIFE INSURANCE COMPANY and Jack Ropp, Defendants.**

Civ. A. No. 90–4104–S.

United States District Court, D. Kansas.

Aug. 29, 1990.

---

Robert A. Thompson, Hellmer, Denning & Thompson, Chtd., Salina, Kan., for plaintiffs.

Robert M. Adrian, King, Adrian, King & Brown, Chtd., Salina, Kan., John F. Hayes, Gilliland & Hayes, P.A., Hutchinson, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion to remand to the District Court of Dickinson County, Kansas, pursuant to 28 U.S.C. § 1447(c) and on the motion of defendants, John Alden Life Insurance Company (hereinafter referred to as "John Alden") and Jack Ropp. Defendants move to dismiss on two grounds. First, defendants contend Counts I through V are preempted by the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Second, defendants contend that Counts I and III fail to

state a claim under state law, and therefore, should be dismissed.[1]

For purposes of this memorandum and order, the relevant facts appear to be as follows. On February 20, 1988, the plaintiffs, Willard L. and Mavis Davis (hereinafter referred to as "plaintiffs"), entered into a contract of medical and hospitalization insurance with defendant, John Alden, through its agent, Jack Ropp. This insurance policy was issued under a group health insurance plan provided to employees of West Plaza IGA, Inc. In July of 1988, plaintiff, Willard Davis, had surgery which involved the implantation of an artificial knee in his left leg. When plaintiffs subsequently demanded payment of benefits under the policy, John Alden refused to pay arguing that Davis' surgery was specifically excluded under the policy provisions as a preexisting health condition. One year later, in July of 1989, Willard Davis had the same surgery performed on his right knee. Plaintiffs allege that John Alden should provide coverage for both surgeries because before the surgeries were performed, John Alden required that the insured plaintiff go through a pre-certification process whereby John Alden evaluated the claims and certified the knee surgeries as falling within the plaintiffs' insurance coverage.

Plaintiffs further contend that upon their demand for payment under the policy, defendants refuse to pay amounts which they allege are owed, $5,793.20[2]. Additionally, the parties have stipulated that the plaintiffs' premium payments are current. Plaintiffs assert that they have met all conditions precedent to the defendants' obligation to pay their claim.

This action was originally filed in the District Court of Dickinson County, Kansas, on April 26, 1990, and was removed by John Alden on May 31, 1990, to this court. John Alden asserts removal jurisdiction based both on the existence of a federal question and on diversity of citizenship pursuant to 28 U.S.C. §§ 1331 and 1332, respectively. In their motion, plaintiffs seek to remand this action to state court.

## I. Removal Jurisdiction

Before the court addresses the parties' motions, the court's initial inquiry is whether removal jurisdiction exists in this case. Defendant, John Alden, asserts in its removal petition that while plaintiffs' cause of action alleges only state causes of action on its face, in fact, the plaintiffs' cause of action is preempted by ERISA. Specifically, defendants assert that plaintiffs' complaint states a cause of action under a group health insurance plan within the meaning of ERISA, and as such, raises a federal question under 29 U.S.C. § 1132(a)(1)(B). Accordingly, defendants argue that under 28 U.S.C. § 1441(b) the action is removable without regard to the citizenship or residence of the parties.

In ascertaining whether an action arises under federal law, the general rule is that the federal question must appear in the plaintiff's "well-pleaded" complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Thus, a case may not be removed to federal court on the sole basis of a federal defense such as preemption. Id. at 393, 107 S.Ct. at 2430. As the party urging the court that jurisdiction is proper, defendant bears the burden of establishing the propriety of removal. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir.1981). As the Ninth Circuit Court of Appeals has stated, "[w]e look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979).

---

1. Because the court finds the preemption issue is dispositive, the court will not address the defendants' arguments that Counts I and III of the plaintiffs' complaint fail to state a claim under state law.

2. Since plaintiffs initiated this lawsuit in April, 1990, John Alden has paid to the insured coverage for the second surgery. Consequently, the amount alleged to be owed has been reduced from $10,073.85 to $5,793.20.

Plaintiffs' six-count complaint may be briefly summarized as follows:

Count I.

That the defendants have breached statutory duties owed to the plaintiffs under K.S.A. 40–2404(b)(9)(a)–(g) and that such violations constitute negligence per se.

Count II.

Plaintiffs allege that the defendants have breached fiduciary duties owed to them.

Count III.

Plaintiffs allege that the defendants have violated K.S.A. 40–2404(b)(1)(a) and (f) which forbid unfair and deceptive acts and that such violations constitute negligence per se.

Count IV.

Plaintiffs allege that the defendants have inflicted severe emotional distress, and have slandered their character and credit rating.

Count V.

That the acts and/or omissions were committed with conscious disregard for the rights of the plaintiffs, thus, entitling the plaintiffs to punitive damages.

Count VI.

Plaintiffs allege that the defendants have breached their contractual obligation to pay benefits owed under the plaintiffs' insurance policy.

Clearly, the plaintiffs' complaint states no federal question on its face. However, defendants contend that Counts I through V are preempted by 29 U.S.C. § 1144(a), and therefore, removal is proper under 28 U.S.C. § 1441(b). In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court outlined the appropriate analysis regarding whether removal jurisdiction may be predicated upon the affirmative defense of federal preemption in the context of ERISA. In order for removal jurisdiction to be proper in this case, two initial requirements must be met. First, the plaintiffs' cause of action must fall within the "sweep" of the preemptive statute and not be excepted from preemption by the savings clause. Second, the plaintiffs' cause of action must state a claim for which Congress provided an "exclusive federal

cause of action for resolution of such disputes." *Taylor, supra,* at 62, 107 S.Ct. at 1546.

A. Preemptive Impact of ERISA

The first step under *Taylor* is whether plaintiffs' cause of action falls within the preemptive "sweep" of ERISA. The ERISA preemption provision states:

Except as provided in subsection (b) of this section, the provisions of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

29 U.S.C. § 1144(a). Accordingly, whether plaintiffs' cause of action is preempted depends on whether it relates to an employee benefit plan. In determining whether a cause of action "relate[s]" to an employee benefit plan, the Supreme Court recently discussed the appropriate meaning to be given to the words "relate[s] to." In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), the Court stated that these words have been given a "broad commonsense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Id.* (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).

In this case, plaintiffs' complaint involves an insurance policy which is part of an employees' group health insurance plan. Accordingly, the plaintiffs' cause of action may be said to "relate to a benefit plan" because it involves a dispute over nonpayment of benefits provided by an employees' group health insurance plan. Thus, the present action falls within the sweep of ERISA's preemption clause.

Plaintiffs, however, contend that Counts I and III fall within the savings clause of ERISA, and therefore, Counts I and III are not preempted. The savings clause, 29 U.S.C. § 1144(b)(2)(A), states:

Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person

from any law of any State which regulates *insurance*, banking, or securities. (emphasis added)

The scope of ERISA's savings clause was discussed at length in *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). In *Metropolitan Life Ins. Co.*, the Court analyzed the savings clause and adopted a three-prong test for determining when a state law regulates the "business of insurance" for purposes of the McCarran–Ferguson Act, 15 U.S.C. §§ 1011 *et seq. Id.* The three-part test is as follows:

first, whether the practice has the effect of transferring or spreading a policyholder's risk;

second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and

third, whether the practice is limited to entities within the insurance industry.

*Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982). In applying the three-prong test to determine whether plaintiffs' cause of action falls within the ERISA savings clause, the court finds that the Kansas statutes, K.S.A. 40–2404(b)(9)(a)–(g) and 40–2404(b)(1)(a) and (f) do not meet all three requirements of the McCarran–Ferguson test. While these Kansas statutes are directed at the insurance industry (meeting prongs two and three), these provisions do not affect the substantive terms of the insurance policy, and therefore, may not be said to have an "effect on the spreading of policyholder risk." Rather, these statutory provisions provide guidelines and duties for how the contractual relationship is to be entered into and how claims are to be processed. The first prong of the McCarran–Ferguson test is thus unsatisfied. *See also Kelley v. Sears, Roebuck and Co.*, 882 F.2d 453 (10th Cir. 1989); *Denette v. Life of Indiana Ins. Co.*, 693 F.Supp. 959 (D.Colo.1988). Accordingly, the court finds that Counts I and III of plaintiffs' complaint do not fall within the savings clause of ERISA preemption.

## B. Scope of ERISA

■ Further, in applying the second part of the *Taylor* analysis, the court finds that plaintiffs have alleged a cause of action which Congress has displaced with an exclusive civil remedy. Because Count VI of plaintiffs' complaint specifically seeks to recover benefits under the terms of such an employee plan, plaintiffs' exclusive remedy is provided by ERISA, which states in relevant part:

A civil action may be brought—

(1) by a participant or beneficiary—

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a). Accordingly, plaintiffs' relief is within the scope provision of ERISA.

## C. Recharacterization of Plaintiffs' Complaint

■ Yet, resolution of the above two questions (i.e., preemption and scope of ERISA) does not conclusively determine whether this court has removal jurisdiction. Instead, a third inquiry must be made. This inquiry is whether plaintiffs' cause of action may be recharacterized to arise under federal law. Such recharacterization is appropriate in instances of "complete preemption," as recognized in *Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n. of Machinists and Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). However, application of the "complete preemption" doctrine has traditionally been limited to actions arising under the Labor Management and Relations Act of 1947, 29 U.S.C. §§ 141 *et seq.* ("LMRA"). In *Taylor* the Supreme Court addressed whether the "complete preemption" doctrine "can be extended to statutes other than the LMRA in order to recharacterize a state law complaint displaced by [29 U.S.C. § 1132(a)(1)(B)] as an action arising under federal law." *Taylor, supra*, 481 U.S. at 64, 107 S.Ct. at 1547. Prior to *Taylor*, the Supreme Court had held that "ERISA preemption, without more, does not convert a state claim into an action arising under

federal law." *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 26–27, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983)). Nonetheless, the Court noted in *Taylor* that the *Avco* principle will apply if the state cause of action is both "pre-empted by ERISA" and "within the scope of § 502(a) of ERISA." *Id.* (quoting *Franchise Tax Board, supra,* at 24–25, 103 S.Ct. at 2854–55). Having already determined that the plaintiffs' cause of action is both within the preemptive sweep of ERISA and within the general scope provision of ERISA, the court finds that the plaintiffs' cause of action may be recharacterized to state a claim arising under federal law, specifically under 29 U.S.C. § 1132(a)(1)(B). Consequently, the "complete preemption" doctrine is applicable to this case, and this court has proper removal jurisdiction.

## II. *Motion to Remand*

The court finds that this action has been properly removed in accordance with 28 U.S.C. § 1441(b), as this action could have originally been filed in this court.[3] Thus, the court will deny plaintiffs' motion to remand as to defendant, John Alden.[4] *See Aben v. Dallwig,* 665 F.Supp. 523, 525 (E.D.Mich.1987) (the court held that the existence of concurrent jurisdiction does not defeat the defendant's right to removal under 28 U.S.C. § 1441(b)).

## III. *Motion to Dismiss*

■ The defendants further contend that because Counts I through V state claims which are preempted, the court should dismiss these counts for failure to state a claim. The court notes that when a plaintiff has filed a state cause of action which has been removed to federal court on

grounds of preemption, the appropriate action of the court is not automatic dismissal of the state claims. Instead, the court should recharacterize the plaintiffs' allegations as descriptive of claims which could be brought under ERISA in accordance with the foregoing discussion. *See Board of Trustees of Cedar Rapids Pediatric Clinic P.A., Pension Plan v. Continental Assur. Co.,* 690 F.Supp. 792, 795–96 (W.D.Ark.1988).

■ Upon recharacterization of the plaintiffs' claims in this action, the court finds that plaintiffs' claims arise out of the John Alden's failure to pay benefits. Accordingly, the appropriate remedy is an action contained in 29 U.S.C. § 1132(a)(1)(B). *Ante,* at 48. The court further finds that plaintiffs' remedies against defendant, John Alden, are statutorily limited to recovery of benefits owed; enforcement of rights under the terms of the plan; and to declaratory judgment as to rights to future benefits under the terms of the plan. Therefore, the court finds that plaintiffs' Counts I through V which allege negligence, breach of fiduciary duty,[5] infliction of emotional distress, slander, behavior constituting wanton and conscious disregard for plaintiffs entitling the plaintiffs to punitive damages should be dismissed for failure to state a claim. The court further finds that plaintiffs' sixth count, a breach of contract claim to recover benefits owed, may be recharacterized as a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), for which this court has concurrent jurisdiction.

## IV. *Pendent Party Jurisdiction*

■ In the alternative, plaintiffs contend that should their claims against John Alden be preempted by ERISA, then the state law

**3.** Title 29, Section 1132(e) provides that the state and federal courts have concurrent jurisdiction over causes of actions arising under 29 U.S.C. § 1132(a)(1)(B).

**4.** Because this court finds that it has concurrent jurisdiction over the plaintiffs' cause of action, the court will not address the parties' arguments in respect to removal on grounds of diversity jurisdiction.

**5.** Although plaintiffs may maintain an action for breach of fiduciary duty arising from the

insurer's processing of a claim, the remedies available do not "give rise to a private right of action for compensatory or punitive relief." *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985). Moreover, the "recovery for a violation of [29 U.S.C. § 1109] inures to the benefit of the plan as a whole." *Id.* at 140, 105 S.Ct. at 3089. Thus plaintiffs' allegations seeking extracontractual relief for breach of fiduciary duty fail to state a claim.

**50**

based claims against defendant, Jack Ropp, should remain with this action as pendent state claims against a pendent party. In *Finley v. United States*, 109 S.Ct. 2003 (1989), the Supreme Court addressed pendent party jurisdiction in the context of exclusive federal jurisdiction over a Federal Tort Claims Act action against the United States. The Court held that "[A] grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties." *Id.*, at 2009. In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) the court held that a federal court may hear a state claim joined with a federal claim which shares a "common nucleus of operative fact." The focus of this determination is judicial economy. In plaintiffs' response to defendants' motion to dismiss, the plaintiffs have asserted that, "Jack Ropp will not be able to ride the coattails of his co-defendant so easily, as the issues are entirely different." The court finds that the exercise of pendent jurisdiction over the plaintiffs' cause of action against Jack Ropp would not promote judicial economy, as the claims against defendant are state claims which involve entirely different issues and questions of law. Thus, the court will decline to exercise pendent jurisdiction over defendant Jack Ropp. Accordingly, the court will remand the state claims against defendant, Jack Ropp under 29 U.S.C. § 1447(c).

IT IS BY THE COURT THEREFORE ORDERED the plaintiffs' motion to remand is granted in part and denied in part, as consistent with the above opinion. Specifically, plaintiffs' claims against defendant John Alden Insurance Company are retained in this court; plaintiffs' claims against defendant Jack Ropp are remanded to state court.

IT IS FURTHER ORDERED that defendant John Alden Life Insurance Company's motion to dismiss Counts I through V is granted, as consistent with the above opinion.