**Debbie THAXTON, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF PAINTERS, et al., Defendants.**

**Civil Action No. 2:96–0451.**

United States District Court,
S.D. West Virginia,
Charleston Division.

July 19, 1996.

Tom Price, Holroyd & Yost, Charleston, WV, for plaintiff.

Robin Jean Davis, John F. Dascoli and Andrew J. Katz, Segal and Davis, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendants' Motion to Dismiss, Plaintiff's Voluntary Motion for Partial Dismissal, Plaintiff's Motion to Remand, and Plaintiff's Motion to Stay Discovery. The

Court **GRANTS** Plaintiff's Motion for Partial Dismissal and **GRANTS** her Motion to Remand. The Court **DENIES** Defendants' Motion to Dismiss and Plaintiff's Motion to Stay Discovery as moot.

This action was originally filed in the Circuit Court of Kanawha County, West Virginia on April 19, 1996. Plaintiff alleged, *inter alia,* she suffered "sexual harassment" because her name was not placed on the ballot for the election of the "business agent" for Painters Local 970. The complaint did not specifically allege violations of federal law. On May 8, 1996, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331. Defendants based federal question removal on federal claims they argue are implicit in the complaint. Specifically, Defendants based removal on the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 481–83 (1995), which regulates union elections, and 29 U.S.C. § 411, which requires union members to exhaust internal remedies before filing a complaint against the union or its officers.

■ Plaintiff's Voluntary Motion for Partial Dismissal requests dismissal without prejudice of her claim challenging the union election. *Federal Rule of Civil Procedure* 41(a)(2) states:

> Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

A union member who intends to pursue a claim under 29 U.S.C. § 481 must file a complaint with the Secretary of Labor within thirty days of exhausting internal union procedures. 29 U.S.C. § 482.[1] The Secretary then investigates the complaint, and, if the Secretary finds there is probable cause that a violation has occurred, the Secretary, not the aggrieved union member, may bring an action in federal court. *Id.* According to 29 U.S.C. § 483 "[t]he remedy provided by this

1. Plaintiff and Defendant agree the time period during which Plaintiff could have filed her com-

plaint with the Secretary has expired.

subchapter for challenging an election already conducted shall be exclusive." Both parties agree that, according to 29 U.S.C. § 481 *et seq.*, Plaintiff does not have standing to bring an action in regard to the allegedly unlawful election practices and that the portions of the complaint concerning unlawful election practices should be dismissed.

Accordingly, the Court **DISMISSES** with prejudice any private cause of action asserted or assertable that arose from the election held on July 17, 1995. Although Plaintiff requests dismissal of those claims without prejudice, the Court dismisses with prejudice. Because both parties agree Plaintiff lacks standing to pursue claims challenging the allegedly unlawful election practices, those claims should not be revived in any future litigation.

■ Defendants removed this action not only on the basis of 29 U.S.C. § 481 *et seq.*, but also based on their assertion of an affirmative federal defense. Defendants argue that federal question jurisdiction is conferred by a defense based on 29 U.S.C. § 411(a)(4), which allows unions to' require' members to exhaust "reasonable hearing procedures within such organization" before suing the union or its officers.[2]

In *Scott v. Greiner,* 858 F.Supp. 607, 609 (S.D.W.Va.1994), this Court quoted with approval from *State ex. rel. Brown v. American Television and Communications Corp.,* 1988 WL 72619 (S.D.W.Va.1988):

For federal question jurisdiction to exist, federal law must be a direct element in plaintiff's claim. It is not enough for the laws to come in remotely ·and indirectly. The federal question must appear on the face of a well-pleaded complaint. The well-pleaded complaint rule bars invoking federal jurisdiction on the basis of an answer invoking a federal defense. A corollary of the well-pleaded complaint rule states that a party who brings a suit is master of his claim and as such may deter-

mine to forego a federal claim and restrict his suit to state court on a state created claim. If the plaintiff so decides, his case generally cannot be removed.

*See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The rule makes plaintiff the master of the claim; he or she may avoid federal question jurisdiction by exclusive reliance on state law.") Further, the *Caterpillar* Court recognized that a case may not be removed on the basis of a federal defense "including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. at 2430.

■ There is, however, an exception to the well-pleaded complaint rule: the complete pre-emption doctrine. The *Caterpillar* Court observed:

On occasion, the court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Id.* (internal quotation marks and citations omitted). In the instant action, Defendants' Notice of Removal states "[a]lthough the Plaintiff's claims are vague, to the extent Plaintiff's claims against Defendant are substantially dependant upon analysis of the terms of the collective bargaining agreement, the Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act." Defendants make no argument about the relationship between § 301 and Plaintiff's claim in subsequent memoranda submitted to the Court. Neither do Defendants present any evidence that Plaintiff's state claims are sub-

---

2. Our Court of Appeals pointed out it is well established "that the exhaustion provision of Section 411(a)(4) is not mandatory, and that the statute leaves the ultimate decision whether to require exhaustion in a particular case to the sound discretion of the courts." *Kowaleviocz v.* · *Local 333 of the International Longshoremen's Assoc.,* 942 F.2d 285, 288 (4th Cir.1991). Because the Court remands this action it need not decide whether to require exhaustion, but leaves that determination to the state court.

stantially dependent on an analysis of the terms of the collective bargaining agreement. Finally, Defendants have presented no argument suggesting the state law claims are completely pre-empted. Defendants' sole assertion in their memoranda in regard to § 301 is that there is a possibility that, upon remand, Plaintiff will amend her complaint to include a claim hinging on the interpretation of the collective bargaining agreement. Section 301 of the Labor Management Relations Act provides:

Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States....

Although state claims requiring the interpretation of collective bargaining agreements and the interpretation of parties' rights thereunder are, according to well-established federal precedent, completely pre-empted by § 301, the Supreme Court held:

not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is pre-empted by § 301 or other provisions of federal labor law. Section 301 on its face says nothing about the substance of what private parties may agree to in their labor contract. Nor is there any suggestion that Congress, in adopting § 301, wished to give substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation. Such a rule of law would delegate unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional

intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

*Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211–12, 105 S.Ct. 1904, 1911–12, 85 L.Ed.2d 206 (1985).[3] Plaintiff has not yet asserted a claim related to § 301, and the Court is unwilling to deny remand based on nothing more than Defendants speculation. Even if § 301 were to become implicated in this action, however, that would not necessarily be sufficient to pre-empt wholly Plaintiff's state law claims. The *Lueck* Court made clear that only claims "inextricably intertwined" with considerations of the terms of the labor contract are pre-empted by § 301. *Id.* at 213, 105 S.Ct. at 1912. Furthermore, the Supreme Court, in *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988) suggested that § 301 does not pre-empt state anti-discrimination laws. There is nothing before the Court indicating Plaintiff's claims are "inextricably intertwined" with the terms of the labor contract. Accordingly, the Court finds Plaintiff's claims are not wholly pre-empted by § 301.

Because Plaintiff is dismissing voluntarily the only federal claim appearing on the face of the complaint and because Defendant has not asserted a federal defense that totally pre-empts Plaintiff's state claim, there are no federal questions at issue sufficient to support removal. All that remains of this action is that part of Plaintiff's West Virginia Human Rights Act discrimination claim not dependent on the unlawful union election procedures.

■ Defendants' Notice of Removal states the Court has "pendent jurisdiction" over Plaintiff's state claims and bases removal on 28 U.S.C. § 1441(c) which provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title

---

**3.** Federal courts have noted often the expansive sweep of ERISA pre-emption, *See e.g. Callison v. Charleston Area Medical Center,* 909 F.Supp. 391 (S.D.W.Va.1995) (Haden, C.J.). The pre-emptive scope of § 301 of the LMRA is, in many contexts, similar to that of ERISA. The Supreme Court recognized ERISA's legislative history makes it clear that the pre-emptive force of ERISA was modeled on the exclusive remedy provided by § 301. *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 144, 111 S.Ct. 478, 485, 112 L.Ed.2d 474 (1990).

is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Defendants cannot, however, remove claims over which the Court has pendent/supplemental[4] jurisdiction pursuant to 28 U.S.C. § 1441(c) because, by definition, supplemental claims are not "separate and independent" claims. *See American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 12, 71 S.Ct. 534, 539, 95 L.Ed. 702 (1951) ("the addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable in the state courts before allowing removal.") Supplemental state claims are not "separate and independent" from federal claims, but rather are claims that "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ The complaint in this case is not detailed enough to allow the Court to determine with certainty whether the state claims are independent from the federal claims, in which case they should have been removed pursuant to 28 U.S.C. § 1441(c), or whether they are supplemental claims, so that the action would have been removable pursuant to 28 U.S.C. § 1441(b). If the action was properly removable under § 1441(b), then remand would be pursuant to 28 U.S.C. § 1367. If the action was removable under § 1441(c), then remand would be pursuant to § 1441(c) as well. The Court need not determine, however, whether it remands pursuant to § 1441(c) or § 1367 because, given the facts and law of this case, it has discretion to remand under either statute.

This Court has recognized:

[t]he burden of proof on a motion to remand falls on the party seeking to preserve the removal, not on the party moving for remand.... Doubts about the propri-

ety of removal should be resolved in favor of remand.

*ELCO Mechanical v. Builders Supply*, 832 F.Supp. 1054, 1057 (S.D.W.Va.1993) (citations omitted). In *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918), the Supreme Court held:

the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case ... when it is commenced, and ... this power to determine removability ... continues with the plaintiff throughout the litigation....

Similarly, this Court recognized:

A plaintiff is under no obligation to state a federal claim even if one is available. The plaintiff has the prerogative of determining the theory of his action and, so long as fraud is not involved, he may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of jurisdiction.

*Spaulding v. Mingo County Bd. of Education*, 897 F.Supp. 284, 288 (S.D.W.Va.1995).

Under 28 U.S.C. § 1441(c), the Court has discretion to remand actions in which state law predominates. After the dismissal of Plaintiff's federal claim, state law clearly predominates in this action. The Court likewise has discretion to remand any supplemental state claims under § 1367(c)(3). Section 1367 provides: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction...." The Court has dismissed all claims in this action over which it has original jurisdiction. Thus, whether Plaintiff's state law claims are independent from or supplemental to her federal claims, the Court may remand the action to state court.

In *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988), the Supreme Court pointed out:

---

**4.** The common law doctrine of pendent jurisdiction was effectively subsumed by the supplemental jurisdiction statute, 28 U.S.C. § 1367, which Congress adopted in 1990. Thus, it is now technically appropriate to use the term "supplemental" jurisdiction rather than "pendent" jurisdiction. *See Reynolds v. Hale*, 855 F.Supp. 147, 151 (S.D.W.Va.1994) (Haden, C.J.).

Under *Gibbs,* a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction brought in that court involving pendent state law-claims. When a balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

Here, the federal-law claims have been dropped at a very early stage in the case. Remand is fair to Plaintiff since it will allow the case to return to the forum she initially selected. Remand is not unfair to Defendants since any discovery they may have conducted previously will be as useful in a state proceeding as it would be in federal court. Comity is served by allowing a state court to hear a case based on state law. Judicial economy and convenience are unaffected by the remand.

Finally, the *Carnegie–Mellon* Court pointed out:

A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.

*Id.* at 357, 108 S.Ct. at 622. There is no indication Plaintiff is attempting to manipulate the forum. More likely, Plaintiff's dismissal of the federal claim reflects her recognition that the federal claim was untenable. Plaintiff will be barred by the doctrine of res judicata from raising the federal claim associated with Defendants' conduct of the election pursuant to 29 U.S.C. §§ 481 *et seq.,* and there is no indication that she would agree to drop an actionable claim just to escape the federal forum. Furthermore, the Court agrees with both parties that Plaintiff does not have a viable federal claim under 29 U.S.C. §§ 481 *et seq.* Thus, the Court is unable to conclude Plaintiff has engaged in manipulative tactics to manipulate the forum.

Accordingly, the Court **DISMISSES** with prejudice claims based or basable on 29 U.S.C. §§ 481 *et seq.,* **DENIES** all other motions as moot, and **REMANDS** the state based claims remaining in the case.