**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSCOE RUSSELL MCWILLIAMS, JR.,
Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,
Defendant-Appellee.

No. 98-1732

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Max O. Cogburn, Magistrate Judge.
(CA-97-264-C-1)

Submitted: January 26, 1999

Decided: February 11, 1999

Before MURNAGHAN, ERVIN, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. Morris, Jr., Asheville, North Carolina, for Appellant. Son-
dra Modell Hirsch, New York, New York, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roscoe Russell McWilliams, Jr., appeals from an order granting Metropolitan Life Insurance Company's ("MetLife") motion for summary judgment in an action challenging the denial of his claim for long term disability benefits. Finding no error, we affirm.

In October 1995, McWilliams voluntarily left his job as an industrial engineer with ITT Automotive of America ("ITT"). In March 1996, he submitted a claim for long term disability benefits under ITT's Long-Term Disability Benefits ("LTD") Plan. McWilliams claimed that he was unable to work due to mental disability, seizure disorder, hypertension, and gastritis. In reviewing his claim, MetLife, the claims administrator for ITT's LTD Plan, obtained records from McWilliams' treating psychiatrist, Dr. C. Pamela Lowe-Hoyte. Although Dr. Lowe-Hoyte concluded that McWilliams was disabled, she provided no objective medical evidence to support this conclusion. Thereafter, MetLife referred McWilliams' claim file to Dr. Leonard Kessler, a board certified psychiatrist and neurologist, to conduct an independent evaluation. Dr. Kessler concluded that McWilliams could continue to function at his job. Consequently, MetLife determined that McWilliams was not totally disabled and denied his claim.

On July 9, 1997, McWilliams sued MetLife in North Carolina state court pleading a state law claim for breach of contract. McWilliams contended that MetLife improperly denied his claim for long term disability benefits under the plan purchased by his employer, ITT. MetLife removed the action to federal court, alleging federal question jurisdiction in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A.§§ 1001-1461 (West 1994 & Supp. 1998). McWilliams did not move to remand the case to state court. Thereafter, both parties consented to jurisdiction by a magistrate judge under 28 U.S.C. § 636(c)(1) (1994). The magistrate judge determined that ITT's LTD plan qualified as an"employee welfare benefit plan," thus bringing the claim dispute within the regulatory scope of ERISA. As a result, the magistrate judge converted the action from a breach of contract claim to an ERISA claim. The magis-

2

trate judge then determined that MetLife's denial of benefits was supported by substantial evidence and granted MetLife's motion for summary judgment. This appeal followed.

We review the district court's grant of summary judgment de novo and affirm only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A genuine issue of material fact exists when the evidence presents sufficient disagreement to require submission to a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in a light most favorable to the non-moving party. See Miller v. Leathers , 913 F.2d 1085, 1087 (4th Cir. 1990).

McWilliams seeks reversal of the district court's order on the ground that the case should have been adjudicated in state court. On August 11, 1997, MetLife timely filed its notice of removal in federal district court. See 28 U.S.C.A. §§ 1446, 1447 (West 1994 & Supp. 1998). Although McWilliams now challenges the removal of the case from state court to federal court, we note that he failed to file a motion to remand the case on the basis of lack of subject matter jurisdiction. See 28 U.S.C.A. § 1447(c). Moreover, we reject McWilliams' assertion that the district court lacked jurisdiction to adjudicate this action. Subject to certain statutory exceptions, see ERISA § 514(b)(2)(A), 29 U.S.C.A. § 1144(b) (West 1994 & Supp. 1998), none of which are implicated in this case, McWilliams' state law claim for breach of contract is preempted by ERISA because the claim relates to an employee benefit plan. See  ERISA §§ 502(a)(1)(B), 514(a), 29 U.S.C.A. §§ 1132(a)(1)(B), 1144(a); FMC Corp. v. Holiday, 498 U.S. 52, 58 (1990) (holding that ERISA's preemption provisions are broadly construed); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97 (1983) (holding that law "`relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan"). Specifically, this suit by an employee to recover benefits from a covered plan falls under § 502(a)(1)(B) of ERISA, which allows for the resolution of such disputes in federal court. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987). Accordingly, removal was grounded in a federal question

3

arising under ERISA and the district court properly retained jurisdiction.[1]

McWilliams next contends that the district court erroneously reviewed MetLife's denial of benefits under an abuse of discretion standard because the Administrative Services Agreement ("ASA") for the LTD Plan was not in effect on the date he allegedly became disabled. The ASA, which was in effect when MetLife denied his claim, expressly grants MetLife the discretion to determine eligibility for LTD Plan benefits and to interpret LTD Plan terms. Although the ASA was not in effect when McWilliams submitted his claim, an ERISA cause of action based on the denial of benefits accrues at the time benefits are denied, and the plan in effect when the decision to deny benefits is controlling. See Bolton v. Construction Laborers Pension Trust, 56 F.3d 1055, 1058 (9th Cir. 1995). Therefore, we find that the district court properly applied the ASA provisions in determining that MetLife's decision must be accorded deference and reviewed for abuse of discretion.[2]

Accordingly, we affirm the district court's grant of summary judgment in favor of MetLife. We grant MetLife's motion to submit the case on briefs and dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____

[1] McWilliams further contends that because ERISA provides that state and federal courts have concurrent jurisdiction over individual claims for benefits under an ERISA plan, see ERISA§ 502(a)(1)(B), 29 U.S.C.A. § 1132(e)(1) (West 1994 & Supp. 1998), his action should have remained in state court. However, he provides no support for his claim and this court has consistently held that concurrent jurisdiction does not defeat a defendant's right to removal. See Whitfield v. Federal Crop Ins. Corp., 557 F.2d 413, 414 (4th Cir. 1977) (holding that where federal and state courts have concurrent jurisdiction Congress must expressly provide for nonremovability to prevent removal); Callison v. Charleston Area Med. Ctr., Inc., 909 F. Supp. 391, 394 (S.D.W. Va. 1995) (holding that concurrent jurisdiction with the state courts does not preclude removal on original jurisdiction grounds).
[2] McWilliams does not challenge on appeal the district court's determination that MetLife's denial of benefits was reasonable.

4