**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BAHMAN PAYMAN,
　　　　　　*Plaintiff-Appellant,*

v.

ATIQUE MIRZA,
　　　　　　*Defendant-Appellee.*

No. 02-2407

BAHMAN PAYMAN,
　　　　　　*Plaintiff-Appellant,*

v.

KHALOUCK ABDRABBO,
　　　　　　*Defendant-Appellee.*

No. 02-2408

BAHMAN PAYMAN,
　　　　　　*Plaintiff-Appellant,*

v.

KHALOUCK ABDRABBO,
　　　　　　*Defendant-Appellee.*

No. 03-1392

BAHMAN PAYMAN,
　　　　　　*Plaintiff-Appellant,*

v.

ATIQUE MIRZA,
　　　　　　*Defendant-Appellee.*

No. 03-1393

Appeals from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-02-23, CA-02-35)

Submitted: August 25, 2003

Decided: December 16, 2003

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

**COUNSEL**

Michael A. Bragg, BRAGG & ASSOCIATES, P.L.C., Abingdon, Virginia, for Appellant. John M. Remy, JACKSON LEWIS, L.L.P., Vienna, Virginia; Wm. W. Eskridge, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellees.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

___

**OPINION**

PER CURIAM:

Bahman Payman filed separate, but nearly identical, civil actions against the Defendants, Atique Mirza and Khalouck Abdrabbo, alleging violations of the Virginia Conspiracy Act and tortious interference. The district court granted Defendants' motions for summary judgment on both claims and by separate judgments subsequently

granted Defendants' motions for Fed. R. Civ. P. 11 sanctions, awarding them each $2500. On appeal, Payman contends: (1) the district court erred in denying his request for discovery prior to granting summary judgment; (2) the district court erred in granting Defendants' motions for summary judgment on Payman's Virginia Conspiracy Act and tortious interference claims; and (3) the district court violated Rule 11's "safe harbor" provision in imposing sanctions against him.

On appeal, Payman first argues that the district court erred in denying his motion to stay proceedings on Defendants' motions for summary judgment to permit the commencement of discovery. Payman essentially takes issue with the court's decision to enter summary judgment in favor of the Defendants before allowing him to conduct discovery. As a general rule, summary judgment is appropriate only after adequate time for discovery. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A party who has no specific material contradicting his adversary's presentation of summary judgment may survive a summary judgment motion if he presents valid reasons justifying the failure of proof. Fed. R. Civ. P. 56(f). In addition, a party must file an affidavit setting forth reasons why discovery is needed. *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). The district court's denial of a Rule 56(f) request is reviewed under an abuse of discretion standard. *Id*. We have reviewed the pleadings in light of the arguments presented and find no abuse of discretion.

Payman also challenges the district court's grant of summary judgment to the Defendants on his Virginia civil conspiracy and tortious interference claims. This court reviews an award of summary judgment de novo. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This court views the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We conclude that the district court did not err in granting Defendants' motions for summary judgment.

With respect to Payman's appeals of the court's judgments imposing sanctions against him, this court reviews the imposition of Rule

11 sanctions for abuse of discretion. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999). Specifically, Payman argues that the "safe harbor" provisions of Rule 11 required that the Appellees serve new motions for sanctions following the filing of the amended complaints and that the motions be filed prior to the disposition of the cases. Payman's argument is unavailing. Because Mirza's and Abdrabbo's motions were served more than twenty-one days prior to the filing of the motions in court and prior to any final disposition of the case, we find no Rule 11 violation. *See also Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (noting that Rule 11's "safe harbor" provision precludes the *serving* and filing of any Rule 11 motion after conclusion of the case). We also find unavailing Payman's argument that new motions for sanctions should have been served in light of the filing of the amended complaints, particularly given that the amended complaints did not substantively differ from the original complaints and there was no attempt to cure the alleged lack of evidentiary support for his claims in the original complaints.

Accordingly, we affirm the district court's judgments in these cases. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*