**Bahman PAYMAN, M.D., Plaintiff,**

v.

**LEE COUNTY COMMUNITY HOSPITAL, et al., Defendants.**

No. 2:04 CV 00017.

United States District Court, W.D. Virginia, Big Stone Gap Division.

Oct. 6, 2004.

Bahman Payman, M.D., Plaintiff Pro Se.

Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, VA, for Defendants Ghullam Joyo, M.D., and Saira Ahsan, M.D.

Matthew Pritts, Woods Rogers PLC, Roanoke, VA, for Defendants Kay Smith,

R.N., Hossein Faiz, M.D., Patton Speak, C.N.R.A., and Gary Saylor, C.N.R.A.

Gabor Laufer, M.D., Defendant Pro Se.

Dawn Figueiras, Elliott Lawson & Minor, Bristol, VA, for Defendant David Hartley.

## OPINION AND ORDER

JONES, Chief Judge.

This action was removed from state court and, after amending his complaint, the plaintiff has moved to remand the case. For the reasons stated, I will deny the Motion to Remand.

### I

The plaintiff, Bahman Payman, M.D., a frequent litigator in this and other courts,[1] filed this action on February 9, 2004, in the Circuit Court of Lee County, Virginia. In his pro se suit papers, Payman alleged that the defendants, all connected with health care services, had "joined together to engage in an ongoing and continuing pattern of racketeering activity in violation of 18 U.S.C. Sections 1961, et seq." (Mot. J. ¶ I.) He claimed that his termination of employment from the medical staff of Lee County Community Hospital in 2000 has been the object of this conspiracy. He also claimed that "[w]hat else except religious intolerance and hatred were behind all these hostilities." (*Id.* at p. 6.)

Payman's case was timely removed to this court. Payman then filed a motion to remand for lack of federal subject-matter jurisdiction, which motion was denied by order entered April 6, 2004, on the ground that federal jurisdiction existed under the claimed cause of action.

Thereafter, Payman moved to amend his complaint, which motion was granted. In the Amended Complaint, filed June 25, 2004, he repeated his allegations of conspiracy, but omitted any reference to federal statutes[2] and stated, "plaintiff [sic] withdrawing his RICO." (Am.Compl.¶ 7.) He also stated that "[t]he allegations concerning the religious and national origin discriminations are merely collateral to this claim and as such do not support

---

1. It is contended that Payman has filed "at least" twenty-two lawsuits in state and federal courts, either pro se or represented by nine different attorneys. (Defs.' Mem. Opp'n Pl.'s Mot. Remand 1 n. 1.) For previous decisions in this court, see *Payman v. Joyo*, No. 2:01CV00128, 2002 WL 1821635 (W.D.Va. Aug. 8, 2002) (dismissing defamation action on basis of statute of limitations); *Payman v. Abdrabbo*, No. 2:02CV00035, 2002 WL 31443212 (W.D.Va. Nov. 1, 2002) (granting summary judgment in conspiracy claim), *aff'd*, 82 Fed.Appx. 826, 2003 WL 22952588 (4th Cir.2003) (unpublished), *cert. denied*, —— U.S. ——, 124 S.Ct. 2052, 158 L.Ed.2d 495 (2004); *Payman v. Mirza*, No. 2:02CV00023, 2002 WL 31443216 (W.D.Va. Nov. 1, 2002) (same), *aff'd*, 82 Fed.Appx. 826, 2003 WL 22952588 (4th Cir.2003) (unpublished), *cert. denied*, —— U.S. ——, 124 S.Ct. 2052, 158 L.Ed.2d 495 (2004); *Payman v. Mirza*, No. 2:02CV00023, 2:02CV00035, 2003 WL 751010 (W.D.Va. Mar. 3, 2003) (imposing sanctions on plaintiff), *aff'd*, 82 Fed.Appx. 826, 2003 WL 22952588 (4th Cir.2003) (unpublished), *cert. denied*, —— U.S. ——, 124 S.Ct. 2052, 158 L.Ed.2d 495 (2004); *Payman v. Bishop*, No. 2:03CV00048, 2003 WL 2002774 (W.D.Va. Apr. 30, 2003) (remanding case to state court).

2. Several defendants have argued that Payman continues to allege a violation of federal law because he added the following language in his Amended Complaint: "Recent US. [sic] Supreme Court's decision expanding SOL for section 1981 actions and two recent incidents (Dr. Faiz and Ms. Willis) resurrected the plaintiff's belief as he filed with EEOC on 11/29/2000 on religious and national origin the ongoing conspiracy to get rid of the plaintiff...." (Am.Compl.¶ 6). Because this statement is ambiguous, I will not rely upon it as a basis for federal jurisdiction.

removal jurisdiction." (*Id.*)[3]

As part of his Amended Complaint, Payman requested the court to remand the case to state court. Certain of the defendants have filed opposition to any such remand, and Payman has responded. The Motion to Remand is thus ripe for decision.[4]

## II

■ The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *See* 28 U.S.C.A. § 1447(c) (West 1994 & Supp.2004) (emphasis added). The Fourth Circuit interprets this language not as an absolute mandate, but as a preference for remand when all federal claims drop out of a properly removed case. *See, e.g., Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 196 (4th Cir.2002). This preference is especially strong when the federal question drops out of the case shortly after removal. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ Despite the strong language in 28 U.S.C.A. § 1447(c) and the Fourth Circuit's preference for remand in cases where the plaintiff dismisses his federal claims, remand is not *required* in such cases. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617–18 (4th Cir.2001). The district court has some discretion when deciding whether to retain, dismiss, or remand supplemental state law claims. *Hinson*, 239 F.3d at 614–17. This view is consistent with the congressional intent behind the § 1447(c) amendments. *See* William W. Schwarzer et al., *Federal Civil Procedure Before Trial* ¶ 2:1068 (2004).

■ When deciding whether to remand a case after the federal questions have been dismissed, the court should consider " 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.' " *Hinson*, 239 F.3d at 617 (quoting *Carnegie–Mellon*, 484 U.S. at 357, 108 S.Ct. 614). More specifically, "[i]f the plaintiff has attempted to manipulate the forum, the court should take th[at] behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie–Mellon*, 484 U.S. at 357, 108 S.Ct. 614. When a plaintiff amends her complaint to remove all federal claims for the sole purpose of divesting the federal court of jurisdiction, it is proper to retain the case. *See, e.g., McQuaid v. CSX Transp.*, No. 5:97CV702BR(3), 1998 U.S. Dist. LEXIS 14522, at *5–6 (E.D.N.C. June 17, 1998); *Thaxton v. Int'l Bhd. of Painters*, 933 F.Supp. 560, 565 (S.D.W.Va. 1996); *Kimsey v. Snap–On Tools Corp.*, 752 F.Supp. 693, 695 (W.D.N.C.1990).

■ In this case, removal to federal court was proper. Therefore, remand is

---

**3.** However, in an "Addendum" filed on June 7, 2004, before the Amended Complaint, but referred to in the Amended Complaint, Payman stated "plaintiff requests as a main cause of action to be [sic] religious discrimination and ongoing conspiracy."

**4.** I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

not mandated, but falls within my discretion under the supplemental jurisdiction statute, 28 U.S.C.A. § 1367(c), keeping in mind the Fourth Circuit's preference for remand. *See Hinson,* 239 F.3d at 617–18. Considerations of economy, convenience, fairness, and comity weigh in favor of this court retaining the case. Although the present action has been ongoing in this court only for the past six months, substantial judicial resources have been expended as the court has ruled on seven motions and the clerk's office has processed one hundred documents filed by the parties.

Retaining jurisdiction would be fair to all parties. When a plaintiff includes a federal cause of action in her state case, she runs the risk that the case will be removed to federal court. Even though Payman is a pro se plaintiff, it is not unfair to apply this rule to him. Payman has consulted an attorney in reference to this case (Pl.'s Addendum at p. 2) and has been through the removal process in at least three prior cases. In the process of filing his many lawsuits, Payman has become more familiar than typical pro se plaintiffs with both federal and state litigation procedures. Since he relied on federal law, Payman should have realized that his initial complaint contained a federal claim and that that claim would allow the defendants to remove the case to federal court.

■ The principle of comity allows this court to retain jurisdiction over the case. Comity advises against a federal court exercising jurisdiction over a matter more appropriately decided in state court. It is based on "the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The principle most often is invoked when a

plaintiff seeks equitable relief or where abstention doctrines are applicable. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 119–20, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

In this case, Payman's state law claim arises from the same case or controversy over which the court had original jurisdiction. Payman replaced his Racketeer Influenced and Corrupt Organizations Act ("RICO") claim with a parallel state claim—state common law conspiracy. *Compare Commercial Bus. Sys., Inc. v. BellSouth Services, Inc.,* 249 Va. 39, 453 S.E.2d 261, 267 (1995) (listing elements of common law conspiracy claim), *with United States v. Cuong Gia Le,* 310 F.Supp.2d 763, 774 (E.D.Va.2004) (listing elements of a RICO claim). Payman alleges the same set of facts to support both claims. Furthermore, retaining jurisdiction of Payman's state law claim does not threaten needless decision of state law because Payman's conspiracy claim raises no novel or complex issues of state law.

In addition to the factors discussed above, the final *Carnegie–Mellon* factor, "whether the efforts of a party in seeking remand amount to a 'manipulative tactic,'" weighs in favor of retaining federal jurisdiction in this case. *See Hinson,* 239 F.3d at 617 (quoting *Carnegie–Mellon,* 484 U.S. at 357, 108 S.Ct. 614). While a plaintiff's decision to remove federal causes of action from her claim and request remand back to state court may, in some cases, be a legitimate tactical decision, it can be a manipulative tactic in others. There is evidence that Payman amended his complaint to remove all federal causes of action for the sole purpose of manipulating this forum.

The issue Payman removed from his complaint, a RICO claim, was not a secondary one. Payman's underlying claim has remained the same throughout the

case—defendants conspired and acted together to injure him. The similarity between the state law conspiracy claim and the RICO claim, together with the fact that Payman has alleged the same facts to support both claims, reveals that Payman's decision to remove his RICO claim was not based on a realization that his case would be stronger without it. Rather, it suggests the only conceivable reason for the amendment was return to state court. Defendants Joyo and Ahsan maintain that Payman amended his complaint because he fears further sanctions by this court for filing frivolous suits. (Def.s' Mem. Opp'n at 12). I agree that this is likely a motivating factor for the plaintiff's efforts. Payman argues that as "master of his complaint," he " 'may avoid federal jurisdiction by exclusive reliance on state law.' " (Am. Compl. ¶ 3–4). While it is true that the well-pleaded complaint rule allows a plaintiff to decide whether or not to allege federal claims, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), the rule does not give plaintiffs free reign to forum shop.

## III

The court finds that the relevant considerations overwhelmingly favor the exercise of jurisdiction over Payman's state claim. Accordingly, the plaintiff's Motion to Remand is DENIED.